UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Geoff Johnson,<br><br>    Plaintiff,<br><br>  v.<br><br>JiT Home Buyers LLC and<br>Gagandeep Saini,<br><br>    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

  Plaintiff Geoff Johnson ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant JiT Home Buyers LLC and defendant Gagandeep Saini (hereinafter referred to collectively as the "*Defendants*") states and alleges as follows:

**INTRODUCTION**

  1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

  2. Plaintiff created a photograph of a hoarder house (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

  3. Defendants own and operate a website at www.webuyhousesinmetrodetroit.com (the "*Website*").

  4. Defendants, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

  5. Plaintiff Geoff Johnson is an individual who is a citizen of the State of Nebraska and maintains a principal place of business in Douglas County, Nebraska.

  6. Upon information and belief, defendant JiT Home Buyers LLC, is a California

1

limited liability company with a principal place of business at 719 Griswold Street, Detroit in Wayne County, Michigan.

7. Upon information and belief, defendant Gagandeep Saini, is an individual who resides in California at 37143 Wavery Terrace, Apartment 126, Fremont in Alameda County, California.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendants because they maintain their principal place of business in Michigan.

10. This Court has personal jurisdiction over defendant Gagandeep Saini under the applicable long-arm jurisdictional statute of Michigan because while defendant Gagandeep Saini resides in in California, he maintains a principal places of business in and purposely directs substantial activities at the residents of Michigan by means of the Website.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

16. On April 8, 2015, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

17. Plaintiff published the Photograph by commercially licensing it to Feature Shoot for the purpose of display and/or public distribution.

18. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19. On November 20, 2018, the Photograph was registered by the USCO under Registration No. VA 2-127-583.

20. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendants' Infringing Activity**

21. Defendants are the registered owner of the Website and are responsible for their content.

22. Defendants are the operators of the Website and are responsible for their content.

23. The Website is a key component of Defendants' popular and lucrative commercial enterprise.

24. The Website is monetized in that it promotes the business and its services to the public and, on information and belief, Defendants profit from these activities.

25. Upon information and belief, Defendants have not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendants' reach, capabilities, and level of sophistication.

26. Upon information and belief, Defendants' internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

27. Defendants' failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

28. On or about May 14, 2024, without permission or authorization from Plaintiff, Defendants volitionally copied and displayed the Photograph on the Website as part of an on-line blog at URL: https://www.webuyhousesinmetrodetroit.com/blog/can-you-sell-a-condemned-house-in-metro-detroit/. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

29. The Photograph was copied and stored by Defendants to URL: https://image-cdn.carrot.com/uploads/sites/78892/2024/05/How-to-Sell-a-Condemned-House.jpg.

30. The Infringement is a copy of Plaintiff's original image that was directly copied and displayed on the Website by Defendants.

31. Plaintiff first observed the Infringement on September 1, 2024.

32. Upon information and belief, the Photograph was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

33. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

34. Upon information and belief, Defendants take an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and displaying images including but not limited to Plaintiff's Photograph.

35. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendants.

36. Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendants cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms

the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendants.

37. Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

38. Upon information and belief, Defendants had complete control over and actively reviewed and monitored the content posted on the Website.

39. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on the Website and exercised and/or had the right and ability to exercise such right.

40. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringement.

41. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendants to realize an increase in its business revenues.

42. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

43. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44. Defendants' use of the Photograph harmed the actual market for the Photograph.

45. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

46. On October 2, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendants' infringement of Plaintiff's rights-protected work.

47. Thereafter, on November 4, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendants in attempt to avoid litigation.

48. Despite Plaintiff's efforts and willingness to address Defendants' infringing activity, Defendants failed to respond, and Plaintiff was forced to seek judicial intervention for

Defendants' infringing activity.

49. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

52. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

53. Plaintiff has not granted Defendants a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

54. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55. Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

56. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendants used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

57. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement

pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

59. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: February 5, 2025

                                      **SANDERS LAW GROUP**

                                      By:   */s/ Craig Sanders*
                                      Craig Sanders, Esq.
                                      333 Earle Ovington Blvd, Suite 402
                                      Uniondale, NY 11553
                                      Tel: (516) 203-7600
                                      Email: csanders@sanderslaw.group
                                      File No.: 130859

                                      *Attorneys for Plaintiff*